IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALMA FAYE COUSIN,                    :

    Plaintiff,                       :

vs.                                  :
                                        CIVIL ACTION 11-0071-M
MICHAEL J. ASTRUE,                   :
Acting Commissioner of
Social Security,                     :

    Defendant.                       :

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20).

Defendant has filed an Unopposed Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 17). Defendant has stated that Plaintiff's attorney has no objection to the motion (Doc. 17, p. 2). Defendant states the following:

1

> If the Court grants this motion, the Appeals Council will direct the [Administrative Law Judge (hereinafter *ALJ*)] to evaluate Plaintiff's residual functional capacity in accordance with agency policy, including all functional limitations supported by the record, and cite specific evidence supporting the residual functional capacity assessment. The ALJ will seek clarification, as needed, in evaluating opinion evidence, particularly that of Dr. Buckmaster, and will not accord any weight to single decision-maker assessments. The ALJ will obtain additional medical and vocational expert testimony, as needed, to clarify the effect of the claimant's functional limitations on her ability to work.

(Doc. 17, pp. 1-2). This is a tacit admission that Plaintiff's application was not appropriately considered and that this action should be reversed. Without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error.

It appears to the Court that the decision of the Secretary should be reversed and remanded. Such remand comes under sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). For further procedures not inconsistent with this report, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Therefore, it is **ORDERED**, without objection from Plaintiff, that Defendant's Motion to Remand under sentence four be **GRANTED** (Doc. 17) and that this action be **REVERSED** and **REMANDED** to the

Social Security Administration for further administrative proceedings not inconsistent with the orders of this Court. Judgment will be entered by separate order.

DONE this 29th day of August, 2011.

s/BERT W. MILLING, JR.  
UNITED STATES MAGISTRATE JUDGE